Shahzada "Shaw" Ashraf, Esq., CA State Bar # 310093
18960 Ventura Blvd #82
Tarzana, CA 91356
Phone: 310-595-0231
Fax: 310-695-2731
E-Mail: Shaw.Ashraf.Esq@gmail.com
*Attorney for Petitioner*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASKARAN SINGH<br>A-235-270-897<br><br>*Petitioner,*<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Attorney General of the United States; DAVID VENTURELLA, Acting Director of U.S. Immigration And Customs Enforcement; and WARDEN, ADELANTO DETENTION FACILITY in their official capacities,<br><br>*Respondents.* | Case No. ________________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

# INTRODUCTION

1. Petitioner JASKARAN SINGH (A-235-270-897) is in the physical custody of the Respondents at the Adelanto Detention Facility in Adelanto, California.

2. Petitioner lawfully entered the United States most recently on approximately September 17, 2024 on a B1-B2 visa. Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner. Since filing I-589 application for Asylum and Withholding of Removal, Petitioner has built a life in the United States. Also, Petitioner does not have criminal convictions in the United States or elsewhere according to the Petitioner.

3. Petitioner was unlawfully detained by the Department of Homeland Security ("DHS"). Prior to the detention of the Petitioner, Respondents did not provide any written notice explaining the basis for the detention, did not assess whether Petitioner presented a flight risk or danger to the community prior to the detention, and did not provide a hearing before a neutral decisionmaker, where Immigration and Customs Enforcement ("ICE") was required to justify the basis for detention and to explain why the Petitioner is now a flight risk or danger to the community. By failing to provide such a hearing, Respondents have violated Petitioners' constitutional right to due process.

4. Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be immediately released.

5. In the alternative, should the Court determine that immediate release is not warranted, order Respondents to provide Petitioner with an individualized bond hearing before an impartial immigration judge within seven (7) days, where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk and/or danger to the community. Also, there must be a consideration of alternatives to detention and financial ability to pay.

## **JURISDICTION**

6. Petitioner is detained in civil immigration custody at Adelanto Detention Facility in Adelanto, California. He has been detained since approximately October 6, 2026.

7. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484,493-500(1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner currently is detained.

10. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

## REQUIREMENTS OF 28 U.S.C. § 2243

11. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

12. Habeas corpus is "perhaps the most important writ known to the constitutional law... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay* v. *Noia,* 372 U.S. 391,400 (1963) (emphasis added)." The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action

from him within the four corners of the application.”" Yong v. I.N.S.,208F.3d 1116,1120(9th Cir. 2000) (citation omitted).

## PARTIES

13. Petitioner is a native and citizen of India. He is currently detained at Adelanto Detention Facility in Adelanto, California. He is in the custody, and under the direct control, of Respondents and their agents.

14. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency responsible for Petitioner’s detention. Respondent Mullin is empowered to carry out any administrative order against Petitioner and is a legal custodian of Petitioner.

15. Respondent U.S. Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA. DHS oversees ICE and the detention of noncitizens. DHS is a legal custodian of Petitioner.

16. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and oversees the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.

17. Respondent David Venturella is sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE). Respondent is a legal custodian of Petitioner and has authority to release him.

18. Respondent Warden of Adelanto Detention Facility is sued in their official capacity as Warden of Adelanto Detention Facility and has immediate physical custody of Petitioner pursuant to a contract with ICE to detain noncitizens and is a legal custodian of Petitioner.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

19. Petitioner is a native and citizen of India.

20. Petitioner lawfully entered the United States most recently on approximately September 17, 2024 on a B1-B2 visa.

21. Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS. Thus, DHS/ICE was put on notice about the Petitioner’s intentions of staying in the U.S. in order to purse fear-based relief.

22. On approximately October 6, 2026, Petitioner was arrested by DHS/ICE in Fontana, California. Petitioner has no criminal history according to the Petitioner. Following his arrest, Petitioner was transferred to Adelanto Detention Facility in Adelanto, California, where he remains.

23. Prior to Petitioner's arrest, he did not receive written notice of the reason for his detention.

24. Prior to Petitioner's arrest, ICE did not assess whether he presented a flight risk or danger to the community, or whether his arrest was justified for some other reason.

25. Prior to Petitioner's arrest, he was not afforded a hearing before a neutral decisionmaker to determine if his detention was justified.

## LEGAL FRAMEWORK

26. "'It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings.'" *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also id.* at 718 (Kennedy, J., dissenting) ("Liberty under the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention."). This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious").

27. Due process requires "adequate procedural protections" to ensure that the government's asserted justification for physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks omitted). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention—to mitigate the risks of danger to the community and to prevent flight. *Id.*; *Demore*, 538 U.S. at 528.

28. Petitioner's detention, without *any* individualized review, is unreasonable under the *Mathews v. Eldridge* due process test.

29. Each year, thousands of noncitizens are incarcerated for lengthy periods pending the resolution of their removal proceedings. *See Jennings*, 138 S. Ct. at 860 (Breyer, J., dissenting) (observing that class members, numbering in the thousands, had been detained "on average one year" and some had been detained for several years). The *Mathews* test for procedural due process claims balances: (1) the private interest threatened by governmental action; (2) the risk of erroneous deprivation of such interest and the value of additional or substitute safeguards; and (3) the government interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also Salesh P.*, 2022 WL 17082375, at *8 (collecting cases where judges in the Northern District of California applied the *Mathews* factors to a habeas petitioner's due process claims). Here, each factor weighs in Petitioner's favor, requiring this

Court immediately release Petitioner or to promptly hold a hearing to evaluate whether the government can justify their ongoing detention.

30. First, Petitioner indisputably has a weighty interest in their liberty, the core private interest at stake here. *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment. . . lies at the heart of the liberty [the Due Process Clause] protects."). Petitioner, who is being held in "incarceration-like conditions," has an overwhelming interest here, regardless of the length of her immigration detention, because "any length of detention implicates the same" fundamental rights. *Rajnish v. Jennings*, No. 3:20-cv-07819-WHO, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020).

31. Second, Petitioner suffered the erroneous risk of deprivation of their liberty without an individualized evidentiary hearing prior to his detention on approximately October 6, 2026. The risk of erroneous deprivation of their liberty is high, as he has been detained in DHS/ICE custody since approximately October 6, 2026. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." *Diouf*, 634 F.3d at 1092. Also, due process does not permit the government to detain a Petitioner and strip them of their liberty without written notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether detention is warranted based on danger or flight risk. *See Morrissey*, 408 U.S. at 487–88. Such written notice and a hearing

must occur *prior* to any detention. Respondents detained the Petitioner and deprived him of liberty without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his detention on approximately October 6, 2026. This is especially concerning since Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner, thus putting DHS/ICE on notice about the Petitioner's intentions of staying in the U.S. in order to purse fear-based relief. Also, the Petitioner doesn't have any criminal history anywhere in the world either according to the Petitioner.

32. Third, the government's interest is very low in continuing to detain Petitioner without providing any neutral review. *See Mathews*, 424 U.S. at 335. The specific interest at stake here is not the government's ability to continue to detain Petitioner, but rather the government's ability to continue to detain them for months on end without any individualized review. *See Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 964 (N.D. Cal. 2019); *Henriquez v. Garland*, No. 5:22-CV-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. June 14, 2022). The cost of providing an individualized inquiry is minimal. *See Henriquez*, 2022 WL 2132919, at *5. The government has repeatedly conceded this fact. *See Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019); *Singh v. Barr*, 400 F. Supp. 3d 1005, 1021 (S.D. Cal. 2019); *Marroquin Ambriz*, 420 F. Supp. 3d at 964.

Respondents detained the Petitioner and deprived him of liberty without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his detention on approximately October 6, 2026. This is especially concerning since Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner, thus putting DHS/ICE on notice about the Petitioner's intentions of staying in the U.S. in order to purse fear-based relief. Also, the Petitioner doesn't have any criminal history anywhere in the world either according to the Petitioner.

33. In sum, the *Mathews* factors establish that Petitioner is entitled to immediate release from custody or an evidentiary hearing before a neutral adjudicator.

34. Petitioner's detention, without *any* individualized review, is unreasonable under any multi-factor reasonableness test. Alternatively, courts that apply a reasonableness test have considered many non-exhaustive factors in determining whether detention is reasonable. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-22 (3d Cir. 2020). The reasonableness inquiry is "highly fact-specific." *Id.* at 210. "The most important factor is the duration of detention." *Id.* At 211. Duration is evaluated along with "all the other circumstances," including (1) whether detention is likely to continue, (2) reasons

for the delay, and (3) whether the conditions of confinement are meaningfully different from criminal punishment. *Id.* at 211. As noted, Petitioner has been detained for a substantial length of time and Petitioner's detention is likely to continue as Petitioner asserts their right to seek immigration relief. In fact, Petitioner has already been detained by Respondents since approximately October 6, 2026. Petitioner's detention is not likely to end in the reasonably foreseeable future. The Petitioner's removal case is pending before the immigration court. The Petitioner is aggressively defending his case with the immigration court and has a strong likelihood of prevailing on his case with the immigration court. In case Petitioner doesn't receive a favorable outcome on his removal case with the immigration court, Petitioner has the right to further appeal his case with the Board of Immigration Appeals ("BIA"), which will result in even further detention of the Petitioner. In case Petitioner's BIA appeal is dismissed, Petitioner has the right to further appeal his case with the 9th Circuit Court of Appeals, which will result in even further detention of the Petitioner.

35. Noncitizens should not be punished for pursuing "legitimate proceedings" to seek relief. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) ("[I]t ill suits the United States to suggest that [Petitioner] could shorten his detention by giving up these rights and abandoning his asylum application."). Thus, courts should not count a continuance against the

noncitizen when they obtained it in good faith to prepare their removal case, including efforts to obtain counsel. *See Hernandez Gomez*, 2023 WL 2802230, at *4 (“The duration and frequency of these requests [for continuances] do not diminish his significant liberty interest in his release or his irreparable injury of continued detention without a bond hearing.”). Moreover, Petitioner’s confinement and experiences at a facility operated by a private, for-profit prison contractor, demonstrate that their conditions of confinement are not meaningfully different from those of criminal punishment.

36. Due process requires the government must bear the burden of proof by clear and convincing evidence to justify continued detention. To justify immigration detention, the government must bear the burden of proof by clear and convincing evidence that the noncitizen is a flight risk and/or danger to the community. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

37. Due process also requires consideration of alternatives to detention. The primary purpose of immigration detention is to ensure a noncitizen’s appearance during civil removal proceedings. *Zadvydas*, 533 U.S. at 697. Detention is not reasonably related to this purpose if there are alternative conditions of release that could mitigate risk of flight. *See Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979) (civil pretrial detention may be unconstitutionally punitive if it is excessive in relation to its legitimate purpose).

38. Due process also requires consideration of ability to pay a bond. "Detention of an indigent 'for inability to post money bail' is impermissible if the individual's 'appearance at trial could reasonably be assured by one of the alternate forms of release.'" *Hernandez*, 872 F.3d at 990 (quoting *Pugh v. Rainwater*, 572 F.2d 1053, 1058 (5th Cir. 1978) (en banc)).

**<u>CLAIMS FOR RELIEF</u>**

**Violation of Fifth Amendment Right to Due Process**

**Procedural Due Process**

39. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

40. Due process does not permit the government to detain a Petitioner and strip them of their liberty without written notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether detention is warranted based on danger or flight risk. Such written notice and a hearing must occur *prior* to any detention.

41. Respondents detained the Petitioner on approximately October 6, 2026 and deprived him of liberty without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to his detention on approximately October 6, 2026. Respondents have violated Petitioners' constitutional right to due process.

42. Petitioner's detention, without *any* individualized review, is unreasonable under the *Mathews v. Eldridge* due process test.

43. Petitioner's detention, without *any* individualized review, is unreasonable under any multi-factor reasonableness test.

44. Due Process requires that the Government must justify ongoing detention by Clear and Convincing Evidence, Consideration of Alternatives to Detention, and Financial Ability to Pay.

Prior to the detention of the Petitioner on approximately October 6, 2026, Respondents did not provide any written notice explaining the basis for detention, did not assess whether Petitioner presented a flight risk or danger to the community prior to the detention, and did not provide a hearing before a neutral decisionmaker, where Immigration and Customs Enforcement ("ICE") was required to justify the basis for detention and to explain why the Petitioner is a flight risk or danger to the community. By failing to provide such a hearing, Respondents have violated Petitioners' constitutional right to due process. This is especially concerning since Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner, thus putting DHS/ICE on notice about the Petitioner's intentions of staying in the U.S. in order to purse fear-based relief.

Also, the Petitioner doesn’t have any criminal history anywhere in the world either according to the Petitioner.

45. Prior to the detention of the Petitioner on approximately October 6, 2026, Respondents did not justify the basis for detention and/or explain why the Petitioner is a flight risk or danger to the community. Respondents have violated Petitioners’ constitutional right to due process. This is especially concerning since Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner, thus putting DHS/ICE on notice about the Petitioner’s intentions of staying in the U.S. in order to purse fear-based relief. Also, the Petitioner doesn’t have any criminal history anywhere in the world either according to the Petitioner.

46. Prior to the detention of the Petitioner on approximately October 6, 2026, Respondents did not consider alternatives to detention. Respondents have violated Petitioners’ constitutional right to due process. This is especially concerning since Petitioner timely filed an I-589 Application for Asylum and Withholding of Removal in approximately December 2024 with USCIS according to the Petitioner, thus putting DHS/ICE on notice about the Petitioner’s intentions of staying in the U.S. in order to purse fear-based relief. Also, the Petitioner doesn’t have any criminal history anywhere in the world either according to the Petitioner.

47. Accordingly, the Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause within three days as to why this Petition should not be granted as required by 28 U.S.C. § 2243, and ordering that they not transfer Petitioner out of this district during the pendency of the court's adjudication of this petition;

(3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody immediately and permanently enjoin his re-detention during the pendency of his removal proceeding absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that the Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks;

(4) In the alternative, should the Court determine that immediate release is not warranted, order Respondents to provide Petitioner with an individualized bond hearing before an impartial immigration judge within seven (7) days, where the government bears the burden of establishing by clear and

convincing evidence that Petitioner is a flight risk and/or danger to the community. Also, there must be a consideration of alternatives to detention and financial ability to pay.

(5) Declare that the detention of the Petitioner without first providing an individualized determination before a neutral decision maker violates the Due Process Clause of the Fifth Amendment. Also, declare that the detention of the Petitioner without any justification for the basis for detention and/or explanation as why the Petitioner is a flight risk or danger to the community violates the Due Process Clause of the Fifth Amendment. In addition, declare that not considering alternatives to detention violates the Due Process Clause of the Fifth Amendment.

(6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(7) Grant any other and further relief that this Court deems just and proper.

Respectfully submitted this 8 day of October 2026.

**SHAHZADA "SHAW" ASHRAF, ESQ.**
*Attorney for Petitioner*