UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

JASKARAN SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-05949-JDE

ORDER REGARDING PETITION

## I.
## PROCEEDINGS

On October 8, 2026, Jaskaran Singh ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his arrest and detention by immigration authorities, seeking, in the alternative, release or a bond hearing before an immigration judge. Dkt. 1 ("Petition" or "Pet.") ¶¶ 3-5. The same day, Petitioner filed a "Supplemental Filing In Support of Petition." Dkt. 6. At 12:40 a.m. on October 16, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Later the same day, Petitioner filed a Reply. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is granted in part.

## II.

## BACKGROUND

Petitioner avers he is a native and citizen India, admitted into the United States on a B1-B2 visa on September 17, 2024. Pet. ¶¶ 1-2, 13. In a "Notice to Appear" issued by the Department of Homeland Security ("DHS"), DHS contends that Petitioner is subject to removal for overstaying his visa. Dkt. 8-1 ("Notice to Appear") at 1.

Petitioner states that he filed an Application for Asylum and Withholding of Removal ("Asylum Application") in approximately December 2024, and has "built a life in the United States," with no criminal convictions. Pet. at 2. A DHS "Notice of Action," confirms that Petitioner filed an Asylum Application on November 11, 2024, with that form stating that Petitioner "may remain in the United States until [his] asylum application is decided," but also stating that the pending Asylum Application "does not preclude U.S. Immigration and Customs Enforcement (ICE) . . . from placing [him] in removal proceedings," also stating, at the top, "**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**" Dkt. 6 at 2 (CM/ECF pagination). Petitioner avers that the Asylum Application put "DHS/ICE . . . on notice about the Petitioner's intentions of staying in the U.S. in order to pursue fear-based relief." Pet. ¶¶ 6, 21, 31, 32, 44, 45, 46.

On October 6, 2026, Petitioner was arrested by DHS/ICE in Fontana, California, and remains in ICE custody. Pet. ¶ 22. Petitioner avers that prior to his arrest, he did not receive written notice of the reason for his arrest, nor did ICE "assess whether he presented a risk of flight or danger to the community, or whether his arrest was justified for some other reason." Id. ¶¶ 23-24. He also "was not afforded a hearing before a neutral decisionmaker" before his arrest. Id. ¶ 25. The Notice to Appear reflects it was served on Petitioner on October 6, 2026, the date of his arrest, and also reflects that it advised Petitioner of the

basis for his removal proceedings, with a hearing set before an immigration judge ("IJ") on November 2, 2026. Notice to Appear at 1.

Petitioner seeks "[i]n the alternative," either immediate release or a "bond hearing before an impartial [IJ] within seven (7) days, where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or a danger to the community." Pet. at 17-18.

Respondents contend that "to the extent Petitioner[ ] would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held under" 8 U.S.C § 1226, citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), and oppose "outright release." Ans. at 1-2.

In Reply, Petitioner argues that Respondents failed to timely file a Notice of Appearance and argue that Respondents' Answer is untimely. Reply at 2-4. The Court declines Petitioner's invitation to deem the untimely Answer, filed 40 minutes late, as a concession to the merits of Petitioner's claims. Petitioner further argues in his Reply that other cases have found a liberty interest in similar cases and requests immediate release. Id. at 5-15.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d

605, 609 (9th Cir. 1996) (as amended). As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. Rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). As such, on the unique facts here, "to the extent that petitioner seeks [his] release from custody based on the allegedly unlawful arrest, there is no basis for the court to grant such relief." See Marroquin Salazar v. Noem, Case No. 5:25-cv-02367-FLA-JC (C.D. Cal.), Dkt. 10 at 20-21 (collecting cases), accepted by 2025 WL 3535050, at *1 (C.D. Cal. Dec. 8, 2025).

As to Petitioner's challenge to his ongoing detention, the Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In assessing a due process claim, courts consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

Respondents contend that at the time of his detention on October 6, 2026, Petitioner had overstayed his visa and thus lacked authorization to remain in the United States. See Notice to Appear at 1. Petitioner does not contest that he had overstayed his visa, but argues that DHS/ICE was "on notice" that he intended to stay in the United States pending a determination of his Asylum Application. See Pet. ¶¶ 21, 31, 32, 44, 45, 46; Reply at 5. Yet, as noted, the DHS "Notice of Action" advised Petitioner that, although he "may remain in the United States until [his] asylum application is decided," the Asylum Application "does not preclude [ICE] from placing [him] in removal proceedings," with that form also stating, at the top, "**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**" Dkt. 6 at 2 (CM/ECF pagination). Petitioner does not contend he had been granted any parole or other formal release on conditions by DHS. At least one court, in assessing whether a liberty interest existed, distinguished between visa overstays "who had never been granted any form of parole," who, the court found, had "no such conditional liberty interest," from those who had been "released on parole." Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026) (dismissing petition, though noting that, although "due process might not require a pre-deprivation hearing," the petitioner may still be "entitled to a [post-detention] bond hearing.").

Considering the Mathews factors, the Court assumes a cognizable liberty interest existed at the time of Petitioner's detention on October 6, 2026. As to the second factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," here, Petitioner was advised in writing of the basis for his removal proceedings the same day he was detained and, as set forth below, will be provided a bond hearing before an IJ by October 23, 2026—17 days after his detention—at which he may be represented by

counsel, may present evidence and argument for release on bond, and may appeal any adverse determination to the Board of Immigration Appeals. Such procedures minimize the risk of an erroneous deprivation of any liberty interest. Lastly, as to the third factor, though a government interest in detaining Petitioner without a bond hearing his low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)), here, a hearing will be required, and generally, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)).

Weighing those factors, Petitioner, who was not on parole at the time of his detention and was advised of the basis for his removal proceedings on the date he was detained, has not shown that being provided a prompt, post-detention bond hearing violates the due process clause such that immediate release is warranted. Although he cites other district court decisions ordering release based on the facts in those cases, the Court finds on the facts here, immediate release via a habeas petition is not warranted.

The Court finds, with an expeditious bond hearing, the process Petitioner received is sufficient to protect his asserted liberty interest here. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on his due process claim where he was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, the Court finds that Petitioner is entitled to a bond hearing before an IJ, one of the two "alternative" forms of substantive relief he seeks,

but is not entitled to immediate release. Further, although Petitioner requested that the burden to support any denial of bond be placed on Respondents by clear and convincing evidence, the law is to the contrary. <u>See</u> <u>Rodriguez Vazquez</u>, 183 F.4th at 1167 (directing that under 8 U.S.C. § 1226(a), a "detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community").

For the foregoing reasons, the Petition is granted, in part, with Respondents ordered to provide Petitioner a bond hearing before an IJ within seven days, but is denied in all other respects as unsupported and/or moot.

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, and ORDERING Respondents to

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for <u>**Petitioner JASKARAN SINGH (A# 235-270-897)**</u> within seven (7) days of this Order, <u>with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision</u>; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to ensure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for relief with prejudice.

Dated: October 16, 2026

JOHN D. EARLY
United States Magistrate Judge